## Case No. 12,978.

### In re SMITH.

[2 Hughes, 284.] 1

District Court, E. D. Virginia. May, 1874.

#### BANKRUPTCY—ASSIGNEES—CONTEMPT.

Assignees in bankruptcy will be treated as in contempt when they take any steps in a state court without authority from the court of bankruptcy; more especially when they act in virtual contravention of the rulings and orders of the bankruptcy court.

The bankrupt [G. W. F. Smith], many years before the war, had purchased the "Meadowville" farm, in Fauquier, in part with some $10,000 borrowed for the purpose, of Anderson, giving a deed of trust on the property. Other unquestionable liens had accrued upon the same property, all to an amount in excess of its value. The widow of Anderson, to whom the original purchase-money is now due to the amount of $15,000, is in need of it for her support. The same was the case with another tract of land called the "Walter Smith Tract," in Fauquier county, bought by the bankrupt, except that the purchase-money due upon it as a lien is itself in excess of its present value. The bankrupt had also purchased at different times other real estate, some half a dozen tracts, all now charged with liens; but the liens on all but the two first-named tracts are claimed to be subject to credits which are claimed not to have been allowed in reports of commissioners of courts made of liens and their priorities. The circuit court of Spottsylvania county made an order for the sale of the Meadowville and

----

1 [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

Walter Smith tracts, and the other real estate of the bankrupt a year or more ago. Whereupon Smith went into bankruptcy, filed his petition for exemptions, including the homestead exemption, and procured a restraining order from the then judge of the United States district court, putting a stop to the sales ordered by the state court. Thus the case stood in February last, when a motion was made at Alexandria by the counsel of Mrs. Anderson and other creditors for a dissolution of the restraining order of the bankrupt court. This motion, after extended argument, was granted by HUGHES, District Judge, as to the sales of the Meadowville and the Walter Smith land, on the ground that it was not shown that any credits claimed to be not allowed, even if allowable, could affect the amounts due upon these two estates, both incumbered beyond their value by undisputed liens. But the restraining order was continued upon the other tracts of land belonging to the bankrupt. The commissioners of the state court thereupon readvertised the two named estates for sale. Against this order of the district court an appeal was taken to the supervisory power of the circuit court, and after elaborate argument again of the case before the circuit court, that court affirmed the decree of the district court. To this decree of affirmation by the circuit court no appeal has been or can be taken to the supreme court of the United States. But the assignees of the bankrupt went before the judge of the circuit court of Culpeper county with a bill of injunction setting out an ex parte statement of facts, and suppressing the fact that the cause had been twice heard and decided in the district and circuit courts of the United States, and asking of this state court an injunction against the sale about to be made by the commissioners of the circuit court of Spottsylvania. Injunctions under the practice in the state courts are allowed on ex parte motion without notice to the adverse party; and so, on this prayer for an injunction, the Culpeper circuit judge awarded an injunction against the order of the Spottsylvania circuit judge. This order having been obtained by assignees in bankruptcy, who are officers of the United States court and under its control, upon a sworn statement, suppressing the fact that the cause had been twice heard and decided against the prayer of their petition, the bankrupt court made an order on April 10th, 1874, requiring these assignees at once to dismiss their bill of injunction in the state court, and to appear in Richmond on the 5th of May, 1874, to show cause why they should not be removed as assignees and why they should not be attached for contempt. On the return day of the order to show cause, the assignees purged themselves of contempt; but THE COURT nevertheless removed them from office, and appointed another assignee of this bankrupt's estate.